UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No.  12-cv-02186-WJM-CBS

DANIEL R. ZENTZ, individually, and ZENTZ, INC. d/b/a/
SUBWAY #11840, a Colorado Corporation,

    Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the stipulation of the Plaintiffs and Defendant as reflected in their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is:

ORDERED as follows:

1.    Any documents, as that term is defined in Fed. R. Civ. P. 34(a), produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes contain confidential proprietary or business information, trade secrets, or

confidential personnel information, may be designated as "CONFIDENTIAL", and all documents and information so designated and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. Any party wishing to challenge the designation of any document as confidential by the other party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

3. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, of counsel's firms and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

(b) any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

(c) experts or consultants retained by the parties with respect to this action;

(d) the parties; and

(e) any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

4.     Neither the Confidential Information nor its contents shall be used for any purpose unrelated to this action.

5.     The parties shall destroy or return all Confidential Information to the party who designated it as such within thirty (30) days after the final resolution of this action.

6.     The provisions of this order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial.  If any party submits Confidential Information to the Court as an attachment to pleadings, motions, depositions or to any other document filed with the Court, such submission shall be made under seal under the provisions contained in the Federal Rules of Civil Procedure and this Court's local rules.

7.     The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

8.     Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED at Denver, Colorado, on October 16, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ John H. Inderwish | *s/ Cynthia Mitchell, Esq.* |
| John H. Inderwish | Cynthia Mitchell, Esq. |
| Inderwish & Bonifazi, P.C. | Shoemaker Ghiselli & Schwartz LLC |
| 12150 East Briarwood Ave., Suite 200 | 1811 Pearl Street |
| Centennial, CO 80112 | Boulder, Colorado 80302 |
| Phone:  (720) 208-0111 | Telephone: (303) 530-3452 |
| Fax:  (720) 208-0130 | Facsimile: (303) 530-4071 |
| Email:  jhi@i-blaw.com | Email:  cmitchell@sgslitigation.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |